**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN MARSHALL BRATT,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>RACHEL MAW DOOLEY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:23-cv-02336-RBM-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE**<br><br>**(2) DENYING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT AS MOOT**<br><br>**[Docs. 3, 4, 14]** |

On December 26, 2023, Plaintiff Bryan Marshall Bratt ("Plaintiff") filed his "Complaint for Excessive and Unessary (sic) Emotional, Professional and Personal Damages" ("Complaint") against Defendant Rachel Maw Dooley ("Defendant"). (Doc. 1.) In his Complaint, Plaintiff alleges the following:

> Over the course of my professional career with Rachel Dooley, I believe she is blaming me for a situation she created herself.  I have sought to mediate which she has denied.  She has gotten me kicked out of multiple events.  She has gotten, in my opinion, an unfair cease and desist order from the police department.  She has turned many of my friends and colleges [sic] against me.

> I don't think she has 'played fair.' I believe she has created, which still impacts me, excessive and unfair damages to me personally, psychologically and professionally.

(Doc. 1 at 1.[1]) In the JS 44 Civil Cover Sheet attached to his Complaint, Plaintiff notes that the "Basis of Jurisdiction" is "Diversity." (*Id.* at 2.) Plaintiff indicates that he is a "Citizen of This State" and that Defendant is a "Citizen of Another State" but that Defendant's County of Residence is "Unknown." (*Id.*) Plaintiff also demands $1,000,000. (*Id.*)

On January 8, 2024, the Court filed an Order to Show Cause Regarding Subject Matter Jurisdiction. (Doc. 3.) The Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction, specifically diversity jurisdiction. (*Id.* at 2–3.) In response to the Court's inquiry regarding diversity of citizenship, Plaintiff stated:

> I have been under the impression she has left the state to avoid the situation. I even believe they may have staged a fake sale on their home. I believe there is evidence she has been living in St. George Utah. While she may have moved back to Vista California. I believe she is hiding from my ability to serve her no matter what. I have been attempting to serve her at her Vista home.

(Doc. 4 at 2.) Additionally, in response to the Court's inquiry regarding the amount in controversy, Plaintiff stated:

> The amount in question: I chose to sue for $1,000,000 based on the exceptionally large damage I have felt I have been subject to. 1. What is the value of human life? Without the courts it seemed to me my life was essentially ruined. 2. What is the value of not living in a form of tyranny? 3. What is the value of being able to pursue your career, life and relationships with confidence? 4. Even though I have done other things to try to move my life forward. In the back of my mind is this tyrannical, never knowing when it would strike, how it would strike, affecting my ability to feel safe, pursue careers with confidence and be present to relationships and always needing to default to being the victim. 5. What is the value of being somewhat accused of a crime more or less, vaguely, under a police order or a cease and desist or

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

>both. And having no way out except to file a lawsuit? 6. What is the value of being subject to religious like ostracism?

(*Id.* at 1–2.)

## I.  DISCUSSION

Pursuant to 28 U.S.C. §1332(a), federal courts have diversity jurisdiction when there is diversity of citizenship among the parties and when the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). The citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc.*, 519 U.S. at 68. Further, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

If the Court questions the amount in controversy, the party seeking to bring the case in federal court "must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the [] party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090–91.

Here, Plaintiff poses several questions regarding the amount of harm he has allegedly suffered, but he does not present any "evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Sanchez*, 102 F.3d at 404. Therefore, Plaintiff has not proved by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson*, 319 F.3d at 1090. Plaintiff also admits that he does not know whether Defendant resides in Utah or California. Therefore,

Plaintiff has not established diversity of citizenship. For these reasons, the Court **DISMISSES** this action for lack of jurisdiction. The Court also **DENIES** Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 14) as moot.

**IT IS SO ORDERED.**

DATE: May 29, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE